# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-355V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
|  | \* | Special Master Corcoran |
| NICOLE HOOPER, | \* |  |
|  | \* |  |
| Petitioner, | \* | Filed: March 22, 2019 |
|  | \* |  |
| v. | \* |  |
|  | \* | Final Fees and Costs; |
| SECRETARY OF HEALTH | \* | Influenza ("Flu") Vaccine; |
| AND HUMAN SERVICES, | \* | Guillain-Barré syndrome ("GBS"). |
|  | \* |  |
| Respondent. | \* |  |
|  | \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Diana L. Stadelnikas*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Christine M. Becer*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On March 15, 2017, Nicole Hooper filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that she suffered from Guillain-Barré syndrome as a result of receiving the influenza vaccine on October 2, 2015. Respondent conceded entitlement in the fall of 2017 and proffered a damages award the following year, which I awarded via Decision dated October 22, 2018. ECF No. 33.

Petitioner has now filed a motion seeking a final award of attorney's fees and costs. Motion,

---

[1] This Decision will be posted on the United States Court of Federal Claims website, and in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

dated Jan. 11, 2019 (ECF No. 40) ("Fees Mot."). In it, she requests a total award of $29,999.97, reflecting attorney's and legal assistant fees in the total amount of $28,989.60, plus $1,010.37 in litigation costs. Fees Mot. at 3; Ex. 23 (ECF No. 40-1) at 24; Ex. 24 (ECF No. 40-2) at 1-2. Petitioner also filed a statement in compliance with General Order No. 9 representing that she did not incur any individual costs associated with the claim's prosecution. Ex. 25 (ECF No. 40-3) at 1. Respondent reacted to the final fees motion on February 5, 2019, indicating that a fees award was statutorily appropriate and otherwise deferring the calculation of a reasonable award to my discretion. Response, filed Feb. 5, 2019 (ECF No. 42) at 2-3.

Prevailing petitioners are entitled to a reasonable award of attorney's fees and costs. Section 15(e). The law governing the calculation of such an award is well-established. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008).

Here, I find that Petitioner should receive the full sum requested. First, the rates requested for the Maglio Firm attorneys representing her (which are deemed "in forum") are consistent both with the Office of Special Masters's Forum Rate Schedule as well as what the same lawyers have received in other cases. *See* Office of Special Masters Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last accessed on March 18, 2019); *see, e.g.*, *Galinato v. Sec'y of Health & Human Servs.*, No. 15-928V, 2017 WL 2461373, at *1 (Fed. Cl. Spec. Mstr. Apr. 17, 2017) (citing *Foster v. Sec'y of Health & Human Servs.,* No. 14–309V, 2016 WL 7233943 (Fed. Cl. Spec. Mstr. Nov. 15, 2016)); *Dearing v. Sec'y of Health & Human Servs.,* No. 14–289V, 2016 WL 7451349 (Fed. Cl. Spec. Mstr. Nov. 2, 2016)). And the total time billed to the matter was reasonably incurred. Second, the costs requested (which includes the filing fee, copying expenses, and other litigation support costs) are also reasonable.

I therefore approve a final award of fees and costs, in the total amount of **$29,999.97**, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Diana Stadelnikas, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.